UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
ELAINE ABRAHAMSON and        )
BRUCE ABRAHAMSON,            )
                             )
            Plaintiffs       )
                             )
       v.                    )  CIVIL NO. 2:08 cv 296
                             )
JENNIFER KOPPEN,             )
                             )
            Defendant        )
```

REPORT AND RECOMMENDATION

This matter is before the court on the order referring the Motion for Default Judgment [DE 53] to the magistrate judge for a report and recommendation [DE 55]. For the following reasons, **IT IS RECOMMENDED** that the matter be **DISMISSED** for lack of subject matter jurisdiction.

Background

The plaintiffs, Elaine and Bruce Abrahamson, owned a condominium in Chicago, Illinois. Jennifer Koppen entered a written lease for the furnished unit on April 7, 2004, for a two year term. The Abrahamsons represent that Koppen moved out of the property shortly after her lease commenced citing maintenance issues, and took the Abrahamsons' furnishings with her. Koppen moved the property to Georgia. Koppen filed a lawsuit against the Abrahamsons in 2005, alleging violations of the Chicago Residential Landlord Tenant Ordinance. The Abrahamsons tendered the

defense of Koppen's lawsuit to State Farm under their Rental Condominium Unitowners Policy. State Farm denied coverage and refused to defend the case.

The Abrahamsons filed a third-party claim against State Farm in the case Koppen filed, filed a separate claim against State Farm in the Circuit Court of Cook County, Illinois, and filed the present action against Koppen and State Farm. The Abrahamsons agreed to dismiss their claims against State Farm, and Koppen remains the sole defendant in this matter.

In their complaint, the Abrahamsons allege that this court has jurisdiction under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961, *et seq.*, and state that the amount in controversy exceeds $75,000. The Abrahamsons allege that Koppen participated in a pattern of criminal acts as part of an ongoing enterprise by transporting their belongings and communicating with the Abrahamsons across state lines.

Koppen never responded to the complaint. The Abrahamsons moved for default judgment against Koppen and submitted an affidavit of damages, stating that the value of their loss was estimated at $39,810. The court held a hearing on August 1, 2011, to determine damages. At the hearing, Bruce Abrahamson stated that he lived in Chicago, Illinois, Elaine Abrahamson resided in Lake County, Indiana, and Koppen was believed to

reside in Georgia, where she was served with the complaint. Bruce confirmed the amount of damages stated in the affidavit, and testified that he arrived at this amount by estimating the value of the items when they were purchased and using an online appraisal service to determine the present value.

## Discussion

Article III, Section 2 of the Constitution limits federal jurisdiction to cases arising under the laws of the United States and between citizens of different states. Federal courts have subject-matter jurisdiction in all civil actions arising under the Constitution, laws, or treaties of the United States, in addition to cases between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. §§1331 and 1332. The burden to prove subject matter jurisdiction falls on the party seeking the federal forum. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Lack of subject matter jurisdiction can be raised by any party or by the court at any time during the proceedings. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 1244, 163 L.Ed.2d 1097 (2006). Subject matter jurisdiction cannot be waived by a party. *Arbaugh*, 546 U.S. at 514, 126 S.Ct. at 1244 (*quoting* *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)).

The complaint must aver facts that support the existence of federal jurisdiction. *Gully v. First National Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936); *Preston v. Purtell*, 410 F.2d 234, 236 (7th Cir. 1969). "Federal jurisdiction cannot be sustained under §1331 on 'a mere assertion of a deprivation of a federal constitutional right * * *; conclusory statements unsupported by adequate factual allegations in the complaint will not suffice (to confer federal jurisdiction).'" *Preston*, 410 F.2d at 236 (*citing* *Stanturf v. Sipes*, 335 F.2d 224, 229 (8th Cir. 1964), *cert. denied*, 379 U.S. 977, 85 S.Ct. 676, 13 L.Ed.2d 567 (1965)). The court must dismiss a claim brought pursuant to §1331 where the claim "is wholly insubstantial and frivolous and obviously made for the purpose of securing federal jurisdiction." *Preston,* 410 F.2d at 235 (*citing* *Bell v. Hood*, 327 U.S. 678, 682-83, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). Before federal jurisdiction can attach under §1331, a "genuine and present controversy, not merely a possible or conjectural one, must exist". *Gully v. First Nat. Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

The Abrahamsons allege jurisdiction based on the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §1964. Section 1962(c) of RICO makes it unlawful "to conduct an enterprise's affairs through a pattern of racketeering activity." 18

4

U.S.C. §1962(c); *Rotella v. Wood*, 528 U.S. 549, 552, 120 S.Ct. 1075, 1079, 145 L.Ed.2d 1047 (2000). In *Sedima, S.P.R.L. v. Imrex Company, Inc.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985) the Supreme Court held that a §1962(c) claim required proof of four elements: "(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." In addition, "to establish liability under §1962(c), one must allege and prove the existence of two distinct entities: (1) a 'person;' and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161, 121 S.Ct. 2087, 2090, 150 L.Ed.2d 198 (2001). This distinction is illustrated by the Seventh Circuit's description of the "prototypical RICO case" as

> one in which a person bent on criminal activity seizes control of a previously legitimate firm and uses the firm's resources, contacts, facilities, and appearance of legitimacy to perpetrate more, and less easily discovered, criminal acts than he could do in his own person, that is, without channeling his criminal activities through the enterprise that he has taken over.
>
> *Fitzgerald v. Chrysler Corp.*, 116 F.3d 225, 227 (7th Cir. 1997)

The Seventh Circuit further clarified the term enterprise, describing it as "more than a group of people who get together to commit a pattern of racketeering activity; there must be an organization with a structure and goals separate from the predi-

5

cate acts themselves." *Stachon v. United Consumer Club, Inc.*, 209 F.3d 673, 675 (7th Cir. 2000)(internal citations and quotations omitted). *See also Jennings v. Emry*, 910 F.2d 1434, 1440 (7th Cir. 1990)("[A]n enterprise is defined by what it is, not what it does.").

Further, the predicate acts which may form the requisite racketeering activity must constitute a pattern. *See Corley v. Rosewood Care Center, Inc. of Peoria*, 142 F.3d 1041, 1048 (7th Cir. 1998) (*quoting* *H.J., Inc. v. Northwestern Bell Telephone Company*, 492 U.S. 229, 239, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989)("Rather, in addition to at least two predicate acts, a RICO plaintiff must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity."). The predicate acts necessarily underlying a pattern are enumerated at 18 U.S.C. §1961(1) and include a series of "indictable acts".

Although a *pro se* plaintiff is "permitted a more lenient standard with respect to her pleadings than that imposed on a practicing attorney", the pro se plaintiff is not absolved from following the rules. *Cintron v. St. Gobain Abbrassives, Inc.*, 2004 WL 3142556, *1 (S.D. Ind. Nov. 18, 2004). The Abrahamsons sought the federal forum and were responsible for stating facts in their complaint to establish jurisdiction. *See Chase*, 110

F.3d at 427 (explaining that the burden falls on the party seeking the federal forum to establish jurisdiction); *Gully,* 299 U.S. at 113, 57 S.Ct. at 97-98 (explaining that the complaint must aver facts that show federal jurisdiction); *Preston*, 410 F.2d at 236 (same). However, the Abrahamsons failed to set forth facts to support the elements of a genuine RICO claim, and upon review, their RICO claim appears entirely insufficient and frivolous. Koppen is the sole defendant, and the complaint is devoid of any explanation of the other individuals whom the Abrahamsons allege were part of the criminal enterprise. The sole event giving rise to the Abrahamsons' claim was Koppen's removal and transportation of their property from the Chicago condominium to Georgia. The complaint suggests that the "defendants" engaged in the alleged criminal enterprise, but the record does not reflect, nor does the court believe, that the Abrahamsons intended to promote the theory that State Farm and Koppen conspired to deprive them of their property. The Abrahamsons have not referred to any enterprise, distinct from Koppen, that participated in the theft of their property, and therefore they fall short of raising a legitimate claim under RICO. *See Cedric Kushner Promotions,* 533 U.S. at 161, 121 S.Ct. at 2090 (explaining that under RICO one must allege and prove the existence of a person and an enterprise distinct from the person).

Furthermore, nothing in the record suggests that Koppen engaged in a pattern of criminal behavior. The Abrahamsons' complaint is premised on one event — Koppen's removal of their property from the condominium. The Abrahamsons attempt to pad their complaint with additional facts, including telephone calls Koppen made to secure the condominium and to recover her security deposit. Even considering these communications, the record does not reflect a series of indictable events. There is nothing criminal behind making arrangements to lease a condominium and to recover a security deposit. The complaint falls short of alleging, and the record is devoid of proof of, an organized structure and goals separate and apart from the predicate act — the theft. *See **Stachon***, 209 F.3d at 675 (internal citations and quotations omitted). This single allegation does not set forth a colorable claim under RICO.

Because federal question jurisdiction cannot be predicated on a frivolous claim, and the Abrahamsons' complaint fails to put forth any explanation of the requisite organization and pattern of criminal activity, the court lacks federal question subject matter jurisdiction. The Abrahamsons' complaint against Koppen is more appropriately framed as a tort claim arising under state law.

To set forth solely a state law claim in federal court, the party seeking the federal forum must invoke diversity jurisdiction. To sustain jurisdiction on the grounds of diversity, there must be complete diversity between the parties at the time the complaint was filed, meaning that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997). The amount in controversy also must exceed $75,000, exclusive of interest and costs. 28 U.S.C. §1332. It is the duty of the district court to ascertain whether the amount in controversy meets the jurisdictional amount. *Batts Restaurant, Inc. v. Commercial Ins. Co. of Newark*, 406 F.2d 118, 120 (7th Cir. 1969). The court must conduct this assessment according to the facts available on the day the federal jurisdiction was invoked. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006). When the court questions the jurisdictional amount on its own initiative, it must appear to a legal certainty that the claim is for less than the jurisdictional amount. *Batts Restaurant,* 406 F.2d at 120 (*citing* *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). *See also* *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) ("If the defendant can extinguish the plaintiff's entire claim by tendering

$75,000 or less at the outset, then the amount 'in controversy' does not exceed $75,000.") "[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *St. Paul Mercury,* 303 U.S. at 289, 58 S.Ct. at 289.

The record reflects that the parties are citizens of different jurisdictions and satisfies the first element of diversity jurisdiction. Elaine Abrahamson is a citizen of Indiana, Bruce Abrahamson is a citizen of Illinois, and the record suggests that Koppen was a citizen of Georgia at the time the complaint was filed. However, diversity alone is insufficient to establish subject matter jurisdiction. The plaintiff also must have stated a viable claim for an amount in excess of $75,000. In the affidavit setting forth their damages, the Abrahamsons request $39,810. At the August 1, 2011 hearing, Bruce Abrahamson testified that this amount was derived by estimating the amount paid for the goods Koppen removed from the condominium and calculating their depreciated value. Because the Abrahamsons' complaint against Koppen arises solely from her removal of their furniture

from the condominium, and the goods were only valued at $39,810, the Abrahamsons never had a viable claim against Koppen for an amount exceeding $75,000. For this reason, the court also lacks diversity jurisdiction.

Because the Abrahamsons' complaint lacks both a viable claim arising under federal law and does not state a claim for an amount exceeding $75,000, the court lacks subject matter jurisdiction. **IT IS RECOMMENDED** that the matter be **DISMISSED** for lack of subject matter jurisdiction. *See* **Arbaugh**, 546 U.S. at 514, 126 S.Ct. at 1244 (explaining that the court is required to dismiss the action if it finds it lacks subject matter jurisdiction).

Pursuant to 28 U.S.C. §636(b)(1), the parties shall have 14 days, to and including August 17, 2011, after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court, with extra copies e-mailed to the Chambers of the Honorable William C. Lee, Judge of the United States District Court, Fort Wayne Division, and the Chambers of United States Magistrate Judge Andrew P. Rodovich, Hammond Division. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***Willis v. Caterpillar, Incorporated***, 199 F.3d 902, 904 (7th Cir. 1999);

***Johnson v. Zema Systems Corporation***, 170 F.3d 734, 739 (7th Cir. 1999); ***Hunger v. Leininger***, 15 F.3d 664, 668 (7th Cir. 1994); ***The Provident Bank v. Manor Steel Corporation***, 882 F.2d 258, 260-61 (7th Cir. 1989); ***United States v. Johnson***, 859 F.2d 1289, 1294 (7th Cir. 1988); ***Lebovitz v. Miller***, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 3rd day of August, 2011

s/ ANDREW P. RODOVICH
United States Magistrate Judge