UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ELAINE ABRAHAMSON ) | |
| and BRUCE ABRAHAMSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No.: 2:08-CV-296 |
| ) | |
| STATE FARM FIRE & CASUALTY ) | |
| COMPANY and JENNIFER KOPPEN, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the court on the Verified Motion for Entry of Default Judgment filed by the plaintiffs, Elaine and Bruce Abrahamson. Plaintiffs seek entry of default against defendant Jennifer Koppen. The Court referred the plaintiff's motion to Magistrate Judge Andrew P. Rodovich, who entered a Report and Recommendation on August 3, 2011. For the reasons discussed below, this case is hereby DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

## DISCUSSION

Plaintiffs filed their Complaint in this case on October 10, 2008, and are proceeding *pro se*. Complaint, docket at 1. Plaintiffs sued both Koppen and State Farm Fire & Casualty. However, on July 8, 2010, plaintiffs and State Farm filed a Stipulation of Dismissal as to all of plaintiffs' claims against the insurance company, leaving Koppen as the only remaining defendant. *See* Stipulation of Dismissal, docket at 41. Koppen has never filed an answer to plaintiffs' Complaint or otherwise appeared or responded to this lawsuit. Plaintiffs then sought to obtain a default judgment against Koppen. Magistrate Judge Rodovich entered his 12-page

Report and Recommendation and concluded that this Court lacked subject matter jurisdiction over this case. *See* docket at 58. In his order, Judge Rodovich informed plaintiffs that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days (to and including August 17, 2011) to file any objections to the Report and Recommendation. They did not do so.

The Court hereby adopts the Report and Recommendation and dismisses this case with prejudice. No further explanation is required in light of Judge Rodovich's Report and Recommendation. "The Court need not go further for it refuses to write at length to no other end than to hear its own words resonate as to the instances alleged as errors by plaintiff." *Lawton v. State Mut. Life Assu. Co. of Am.,* 101 F.3d 218, 200 (1st Cir. 1996). "Where as here, a [Magistrate] has produced a first-rate work product, a reviewing [court] should hesitate to wax longiloquence simply to hear its own words resonate." *In Re San Juan Dupont Plaza Hotel Fire Litig.,* 989 F.2d 36, 38 (1st Cir. 1993).

## CONCLUSION

For the reasons stated above, this Court adopts the Report and Recommendation (docket at 58) and this case is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

Date: October 17, 2011.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana

2